UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Rafael L., <br><br>                    Plaintiff, <br><br> vs. <br><br><br> Kilolo Kijakazi, Commissioner of Social Security, <br><br>                    Defendant. | 2:23-cv-00136-VCF <br><br> **Order** <br><br> MOTION TO REMAND [ECF NO. 16]; CROSS-MOTION TO AFFIRM [ECF NO. 20] |

This matter involves plaintiff Rafael L.'s request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Rafael filed a motion for remand (ECF No. 16) and the Commissioner filed a cross-motion to affirm. (ECF No. 20). I grant plaintiff's motion to remand and deny the Commissioner's cross-motion.

**I.     Background**

Rafael L. filed an application for supplemental security income on June 3, 2020, alleging disability commencing May 13, 2017. AR[1] 290-296. The ALJ followed the five-step sequential

---

[1] The Administrative Record ("AR") is at ECF No. 14.

1

evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520.  The ALJ agreed that Rafael did not engage in substantial gainful activity since her application date of May 13, 2017. AR 43. Rafael suffered from medically determinable severe impairments consisting of Dupuytren's contracture in the bilateral hands, status post three trigger finger releases on the right hand, and one trigger finger release on the left hand. AR 43. The ALJ decided that the impairments did not meet or equal any "listed" impairment. *Id*., citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ assessed Rafael as retaining the residual functional capacity ("RFC") to perform the demands of medium work with a limitation to only frequent handling. AR 44.

The ALJ compared the residual functional capacity assessed to the demands of Rafael's past relevant work and decided that he could return to performing his past relevant work as a Taxi Driver, DOT # 913.463-018. AR 46, ¶ 6. The ALJ made an alternative finding at step 5. The ALJ classified Rafael as an individual of advanced age that subsequently changed age categories to closely approaching retirement age on the alleged onset date. AR 47. The ALJ categorized Rafael as possessing a high-school education. *Id.* The ALJ did not make a finding as to whether Rafael could communicate in English. *Id.* The ALJ treated the question of transferability of skills as immaterial. The ALJ adduced and accepted testimony of a vocational expert that an individual of Rafael's age, education, work experience, and residual functional capacity could perform the other medium work consistent with his residual functional capacity. AR 47. The ALJ concluded that Rafael did not suffer from a disability between May 13, 2017, and the date of the decision. AR 48,

Plaintiff argues that the ALJ erred in his duty to fully develop the record. ECF No. 16. Plaintiff also argues that the ALJ's decision is not supported by substantial evidence because he did not provide clear and convincing reasons in rejecting plaintiff's subjective limitations. *Id.* The government argues that the ALJ had no duty to develop the record further. ECF No. 20. The government also argues that the

ALJ properly evaluated plaintiff's subjective allegations. *Id.* Plaintiff did not file a reply.

## II. Discussion

### a. Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by

"substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

At step five, an ALJ must identify whether they can perform work that exists in the national economy in significant numbers. 20 C.F.R. §§ 404.1566(a), 416.966(a). A court will find an error to be harmless "where it is inconsequential to the ultimate non-disability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). "Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may be reasonably discerned." *Id.* at 1121 (internal quotation marks omitted) (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)).

Evaluating a claimant's subjective symptom testimony "becomes important at the stage where the ALJ is assessing residual functional capacity, because the claimant's subjective statements may tell of greater limitations than can medical evidence alone." *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001) (citing Social Security Ruling (SSR) 96-7P, 1996 SSR LEXIS 4)). "Such testimony is inherently subjective and difficult to measure." *Coleman v. Saul*, 979 F.3d 751, 755-56 (9th Cir. 2020). This evaluation is often crucial to a finding of disability. *Id.* (citing Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989)). When assessing a claimant's credibility regarding subjective pain or intensity of symptoms, the ALJ must engage in a two-step analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine if there is medical evidence of an impairment that could reasonably

produce the symptoms alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Id.* (emphasis in original). "Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.*

If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony about the symptom severity. *Trevizo* at 678; see also *Smolen*, 80 F.3d at 1284 ("[T]he ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so."); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").

The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) evidence from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir.2002); see also 20 C.F.R. §§ 404.1529(c); 416.929(c); Social Security Ruling 16-3p. "[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quotation marks and citation omitted).

### b. Analysis

The ALJ noted that plaintiff had three right hand surgeries and one left hand surgery. AR 45. The ALJ also noted that the plaintiff alleged disability due to the surgeries, extreme weakness in his hands, and loss of grip in both hands. *Id.* Rafael testified at the hearing that his hands are getting worse by the day. AR 63. Rafael testified that with his right hand he cannot hold onto a coffee cup. AR 63-64. He testified that he cannot use his right hand to shower because he cannot tighten his grip around a bar of soap. AR 64. He testified that he could lift five pounds or less with his right hand, and about fifteen with his left. *Id.* The ALJ did not provide an analysis of Rafael's subjective complaints that Rafael made in his new application filed in May 2020. AR 394-404. Rafael continued to work two hours a day until May 2020, when he had to stop work completely due to pain. AR 372. The ALJ does not discuss Rafael's daily activities or cite to inconsistencies in the record. "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)).

The ALJ found that the plaintiff is capable of performing his past relevant work as a taxi driver. AR 46. The ALJ's analysis of plaintiff's testimony is ambiguous and inadequate, which is potentially consequential in this case. If plaintiff was limited to light work, he would grid out, since plaintiff was past advanced age at all relevant periods. I find that the ALJ did not make specific, clear, and convincing findings regarding how plaintiff's testimony is contradicted by the record. Because the ALJ's findings regarding the claimant's subjective testimony are inadequate, remand for further findings on credibility is appropriate See *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995).

Since I find the ALJ's decision is not supported by substantial evidence, I remand to the agency for further administrative proceedings. I do not reach the other issue that plaintiff raised in his motion. I remand this case to obtain further evidence.

Accordingly,

I ORDER that plaintiff Rafael's motion for reversal and/or remand (ECF No. 16) is GRANTED and the Commissioner's cross-motion to affirm (ECF No. 20) is DENIED.

The Clerk of Court is directed to enter final judgment in favor of

plaintiff. DATED this 7th day of September 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE